UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Cynthya Lou Porter,

       Plaintiff,

v.                                                                                    Civil No. 14-253 (JNE/FLN)
                                                                                          ORDER

City of Brooklyn Park, City of Caledonia,
City of Goodview, City of Maplewood,
Martin County, Olmstead County, City of
St. Paul, Winona County, Dakota County,
City of Winona, Metropolitan Airports
Commission, Michael Campion, Ramona
Dohman, John and Jane Does (1-600),
Department of Public Safety Does (1-30),
Entity Does (1-50),

       Defendants.

       Plaintiff Cynthya Lou Porter filed this action alleging impermissible retrievals by local law enforcement personnel and other public employees of her private motor vehicle record data maintained by the Minnesota Department of Public Safety ("DPS"). Porter's complaint is one of numerous analogous complaints recently filed in this district and centered around alleged violations of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721 *et seq.* *See Roschen v. Wabasha County*, Civ. No. 13-2490, 2014 U.S. Dist. LEXIS 87005, at *8 n.4 (D. Minn. June 26, 2014) (counting 28 such cases and noting that many of the complaints have been dismissed in whole or in part). Porter's complaint alleges that personnel affiliated with each of the 11 named entity Defendants accessed her private information without a proper purpose between one and 61 times

since 2003.[1]  The complaint also names the former and current DPS Commissioners, Michael Campion and Ramona Dohman, as Defendants.

According to her complaint, Porter "has been in the public eye in her community for several years due to her profession as a print journalist and photojournalist and due to her community service, particularly in but not limited to the City of Winona."  Compl. ¶ 36.  She worked for the Winona Post from November 2001 until August 2011.  *Id*. ¶ 37.  The complaint attests to her status as a law-abiding citizen and alleges the absence of any legitimate reason for Defendants to have accessed her private data, except in connection with a speeding ticket and five parking tickets.  *Id*. ¶¶ 45-52.  Based on her allegations of impermissible retrievals of her private data, Porter's complaint asserts one count for violations of the DPPA, three counts pursuant to 42 U.S.C. § 1983, and a count for state law invasion of privacy.

All named Defendants have moved to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim.  *See* ECF Nos. 17, 22, 33, 38, 48, 54, 63.  Many have requested severance of the claims against them in the alternative.  Those motions are presently before the Court.  The issues raised by the motions have been extensively discussed in connection with other DPPA cases and need not be repeated in detail here.

Porter's complaint fails to state a DPPA claim against any Defendant.  Porter's DPPA claims based on retrievals of her data that occurred more than four years before

---

[1]   The complaint alleges the following retrieval numbers for each entity Defendant: City of Brooklyn Park – 1, Compl. ¶ 83; City of Caledonia – 4, *id*. ¶ 87; City of Goodview – 29, *id*. ¶ 93; City of Maplewood – 1, *id*. ¶ 98; Martin County – 1, *id*. ¶ 102; Dakota County – 6, *id*. ¶ 106; MAC – 2, *id*. ¶ 110; Olmstead County – 2, *id*. ¶ 114; City of St. Paul – 8, *id*. ¶ 119; Winona County – 12, *id*. ¶ 123; and City of Winona – 61, *id*. ¶ 129.

the filing of her complaint on January 27, 2014, are barred by the applicable statute of limitations. *See Potocnik v. Carlson*, Civ. No. 13-2093, 2014 U.S. Dist. LEXIS 38018, at *22-34 (D. Minn. Mar. 24, 2014); *Kost v. Hunt*, 983 F. Supp. 2d 1121, 1126-30 (D. Minn. 2013). Her DPPA claims against the DPS Commissioners stem from her allegations that they failed to adequately control and monitor access to her private data, but such allegations fail to state a violation of the DPPA. *See Kendall v. Anoka County*, Civ. No. 14-247, 2014 U.S. Dist. LEXIS 111781, at *12-14 (D. Minn. Aug. 13, 2014); *Kiminski v. Hunt*, Civ. No. 13-185, 2013 U.S. Dist. LEXIS 157829, at *9-25 (D. Minn. Sept. 20, 2013). For any remaining claims, the allegations of Porter's complaint are not materially distinguishable from those of the news anchor and sports reporter whose claims were dismissed in *Mitchell v. Aitkin County*, Civil No. 13-2167, 2014 U.S. Dist. LEXIS 27089 (D. Minn. Mar. 4, 2014).[2] Those claims will be dismissed for the reasons stated in *Mitchell*.

Porter's § 1983 and state law claims also cannot survive Defendants' motions to dismiss. The complaint alleges § 1983 claims for alleged violations of Porter's rights under the DPPA as well as the Fourth and Fourteenth Amendments. The DPPA forecloses enforcement of any rights created by it via § 1983 and the alleged retrievals of Porter's motor vehicle record data do not amount to violations of Porter's constitutional rights. *See Potocnik*, 2014 U.S. Dist. LEXIS 38018, at *34-48; *Kiminski*, 2013 U.S. Dist.

---

[2] Porter alleges that some of the retrievals of her data coincided with publication of an article by her. Excluding retrievals on dates subject to the statute of limitations bar, the complaint identifies two retrievals for Defendant Olmstead County and one each for Winona County and City of Winona as occurring at a time that "correlates" to publication of an article by her. Compl. ¶¶ 115, 127, 138. The complaint indicates that Porter wrote many articles during her time at the Winona Post, *id.* ¶ 41, and without more, the existence of some correspondence between the timing of a couple of retrievals and publication of an article by a writer who regularly appears in print does not signal the impropriety of the retrievals.

LEXIS 157829, at *25-42.  Mere retrievals of motor vehicle record data also do not meet the threshold of offensiveness necessary for a viable invasion of privacy claim.  *See Bass v. Anoka County*, Civ. No. 13-860, 2014 U.S. Dist. LEXIS 21846, at *21-23 (D. Minn. Feb. 21, 2014).

Therefore, Defendants' motions to dismiss will be granted.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant City of Saint Paul's motion to dismiss [ECF No. 17] is GRANTED.

2. Defendant Cities of Brooklyn Park, Caledonia, Goodview, Maplewood, and Winona's motion to dismiss [ECF No. 22] is GRANTED.

3. The motion to dismiss of Defendants Martin County and Winona County [ECF No. 33] is GRANTED.

4. Defendant Dakota County's motion to dismiss [ECF No. 38] is GRANTED.

5. Defendant Olmstead County's motion to dismiss [ECF No. 48] is GRANTED.

6. Defendant Metropolitan Airports Commission's motion to dismiss [ECF No. 54] is GRANTED.

7. Defendants Michael Campion and Ramona Dohman's motion to dismiss [ECF No. 63] is GRANTED.

8. Counts II, III, IV, and V of Plaintiff's Complaint are DISMISSED with prejudice as to all Defendants.

9. Count 1 of Plaintiff's complaint against Defendants Michael Campion and Ramona Dohman is DISMISSED with prejudice.  For all other Defendants, Count I is DISMISSED with prejudice as to all claims based on retrievals of Plaintiff's protected data prior to January 27, 2010, and otherwise without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  August 27, 2014

>s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge